## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

```
RODNEY SCHUMP,                :
                             :    Civil Action No. 09-164 (RBK)
            Plaintiff,       :
                             :
            v.               :    ORDER
                             :
JEFF GRONDOLSKY, et al.,      :
                             :
            Defendants.      :
```

IT APPEARING THAT plaintiff has submitted a Complaint alleging violations of his civil rights under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), with an application to proceed in forma pauperis; and the Court having screened the complaint to determine whether dismissal is warranted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and the Court finding that dismissal of the Complaint is not warranted at this time; and that plaintiff qualifies to proceed in forma pauperis;

IT IS on this ___30th___ day of ___July___, 2009,

ORDERED that, pursuant to 28 U.S.C. § 1915(a) and (b), plaintiff's application to proceed in forma pauperis is hereby GRANTED; and it is further

ORDERED that the Clerk shall file the Complaint without prepayment of filing fee; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b), the Clerk shall serve a copy of this Order by regular mail on the United States Attorney for the District of New Jersey and on the Warden

of the FCI Fort Dix in Fort Dix, New Jersey, where plaintiff is currently confined; and it is further

ORDERED that plaintiff is assessed a filing fee of $350.00 which shall be deducted from plaintiff's prison account pursuant to 28 U.S.C. § 1915(b)(2) in the manner set forth below, regardless of the outcome of the litigation; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 fee is paid, each month that the amount in plaintiff's prison account exceeds $10.00, the agency having custody of plaintiff shall assess, deduct from his account, and forward to the Clerk payments equal to 20% of the preceding month's income credited to plaintiff's prison account, with each payment referencing the civil docket number of this action; and it is further

ORDERED that the Clerk of the Court shall file the Complaint without prepayment of fees or security; and it is further

ORDERED that the Complaint SHALL PROCEED as against the named defendants at this time; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue summons and the United States Marshal shall serve summons and copies of the Complaint and this Order upon the defendants, with all costs of service advanced by the United States; and it is further

ORDERED that, pursuant to 42 U.S.C. § 1997e(g)(2), the

2

defendants shall file and serve a responsive pleading within the time specified by Fed.R.Civ.P. 12; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel in accordance with the factors set forth in Tabron v. Grace, 6 F.3d 454 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994), which sets forth the requirements for eligibility for appointment of pro bono counsel (in this regard, plaintiff is advised that such appointment is not automatic); and it is further

ORDERED that the Clerk shall enclose with such notice a copy of Appendix H and a form Application for Appointment of Pro Bono Counsel; and it is finally

ORDERED that, if at any time plaintiff seeks the appointment of pro bono counsel, pursuant to Fed. R. Civ. P. 5(a) and (d), plaintiff shall (1) serve a copy of the Application for Appointment of Pro Bono Counsel by regular mail upon each party at his last known address or, if the party is represented in this action by an attorney, upon the party's attorney at the attorney's address, and (2) file a Certificate of Service with plaintiff's Application for Pro Bono Counsel.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge